IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

April 30, 2010

RE: ANTOINE BARBER V. PA DEPT OF CORRECTIONS, ETAL
CA No. 09-6215

**NOTICE**

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Caracappa, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: 
LINDA V. JERRY, Deputy Clerk

cc: BARBER
KRAMER
HOLMES

Courtroom Deputy to Judge DUBOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTOINE BARBER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPT. OF | : | |
| CORRECTIONS, et al., | : | NO. 09-6215 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Graterford, in Graterford, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.   PROCEDURAL HISTORY

Petitioner was arrested on June 28, 2005, on charges of unlawful contact with a minor. He had been arrested on the same charge on January 2, 2005, and did not make bail. The charge was dismissed on June 20, 2005. Upon re-arrest, petitioner entered a guilty plea for charges of unlawful contact with a minor. On August 4, 2006, the Honorable Lillian Ransom of the Philadelphia County Court of Common Pleas sentenced petitioner to twenty (20) to forty (40) months incarceration. On the Commitment Order, Judge Ransom indicated that petitioner should receive credit for time served.

Petitioner's arrest for unlawful contact with a minor violated the conditions of his

parole for prior sentences. On February 12, 2007, the Pennsylvania Board of Probation and Parole ("PBPP") issued an Order to Recommit the petitioner. The Order stated that petitioner's prior sentences should be credited with time from January 2, 2005, to June 28, 2005, and from November 2, 2005, to August 4, 2006. The Order further stated that petitioner's unlawful contact charge be credited with time from June 29, 2005, until November 1, 2005, and from August 5, 2006, to December 18, 2006.

The Department of Corrections ("DOC"), in turn, credited petitioner's unlawful contact sentence with time from June 29, 2005, until November 1, 2005, and from August 5, 2006, to December 18, 2006.

On June 3, 2008, petitioner filed a Petition for Review in the Commonwealth Court of Pennsylvania claiming that the DOC failed to credit his unlawful contact sentence with time from January 2, 2005, to August 4, 2006. More specifically, petitioner claimed that he is entitled to a total of 20 months credit for time served from January 2, 2005, to August 4, 2006 which is comprised of time from the date of the initial arrest on January 2, 2005, to the date of dismissal of charges on June 20, 2005; and time from the date of the second arrest on June 28, 2005, to the sentencing date on August 4, 2006. The DOC filed its Answer on August 15, 2008. The court has not ruled on the Petition for Review as of the date of this Report and Recommendation.

With respect to the same action challenging the DOC's crediting of time, petitioner filed an Application for Summary Relief with the Commonwealth Court on November 24, 2008. Petitioner claimed that he was confined for twenty (20) months prior to the imposition of his new sentence, that the sentencing judge awarded him credit for time served, and that all the

time spent in custody prior to sentencing should have been credited to his new sentence. Respondent filed its Response on February 10, 2009. In an opinion dated July 21, 2009, the Honorable Bonnie Brigance Leadbetter denied petitioner's Application for Summary Relief on the grounds that she could not conclude that the case was clear and free from doubt or that petitioner was entitled to the relief requested as a matter of law. (Commonwealth Ct. Opinion, 7/21/09, at 6). On August 6, 2009, petitioner appealed the denial of summary relief to the Pennsylvania Supreme Court. The Supreme Court denied petitioner's application for relief on December 9, 2009.

Petitioner filed the instant petition for Writ of Habeas Corpus on December 31, 2009. Petitioner claims that the Pennsylvania Commonwealth Court and Pennsylvania Supreme Court erred in denying petitioner's claim that the Department of Corrections violated petitioner's due process and equal protection rights by incorrectly calculating the court-ordered credit time.[1] Respondents retort that the petition is premature as the Commonwealth Court has not ruled on or dismissed petitioner's Petition for Review, and that the habeas petition must be dismissed for failure to exhaust state remedies. Alternatively, Respondents argue that the Pennsylvania Board of Probation and Parole determined the amount of commitment credit to be awarded to petitioner's prior and new sentences, and the Department of Corrections was bound by state law to comply with the PBPP's decision and to credit petitioner's sentences accordingly. Respondents further argue that, pursuant to the state sentencing code, petitioner is not entitled to

---

[1] In support of his habeas claim, petitioner explains that he was arrested on January 1, 2005, and sentenced on August 4, 2006, to twenty to forty months with credit for time served. Petitioner further explains that when he started his new sentence on January 8, 2008, he was only credited 231 days of the twenty months credit for time served.

"duplicate credit" by having his new sentence credited with time that was awarded to his prior sentence.

We agree with Respondents that the instant habeas petition is premature because the Commonwealth Court has not ruled on the Petition for Review.

II.   EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

As stated previously, the Commonwealth Court has not ruled on the Petition for Review, although the court did dismiss petitioner's Application for Summary Relief. Petitioner acknowledges in his Reply to Respondent's Answer that the Commonwealth Court has yet to rule on the Petition for Review. (Ptr's Reply at 4). Nevertheless, petitioner claims that because the issues raised in the Application for Summary Relief are the same issues as raised in the

Petition for Review, "there is no reason to believe the Cmwlth [Commonwealth] Court will come to a different conclusion." (Ptr's Reply at 4). Petitioner further claims that the Commonwealth Court stated in its opinion that "the pleadings are closed." (Ptr's Reply at 4). Lastly, petitioner argues that the state court's inaction implies that the proceedings are closed at this time. (Ptr's Reply at 4).

We would like to emphasize that the state court's reference to the pleadings being closed was not an indication that the case itself was closed. Rather, it was an indication by Judge Leadbetter that, based on the pleadings, she would decide whether the case was clear and free from doubt, whether there were no material issues of fact in dispute, and whether petitioner was entitled to relief as a matter of law. See Pa. R.A.P. 1532(b). Judge Leadbetter ultimately concluded that plaintiff did not meet the standard for summary relief for numerous reasons. First, Judge Leadbetter found that a material issue of fact was raised in that the Board's award of credit to petitioner's old sentence suggested that petitioner did post bail on his new charges, yet petitioner averred that he did not post bail. (Comm. Ct. Opinion, 7/21/09, at 4). Second, as to petitioner's claim that he should have received twenty months of credit for time served from January 2, 2005, to August 4, 2006, Judge Leadbetter explained that the trial judge's sentencing order did not direct credit for any specific period of pre-sentence custody; an exhibit attached to the Petition for Review reflected that the trial judge was unreceptive to petitioner's attempt to obtain a court order to have the entire 20-month period of pre-sentence custody applied to his new sentence; and, petitioner did not attach a copy of the sentencing order pertinent to his claim. (Comm. Ct. Opinion, 7/21/09, at 5).

While petitioner assumes that the Commonwealth Court will not find in his favor

5

on the Petition for Review because the court ruled unfavorably on his Application for Summary Relief, we cannot assume the same. Rather, until the Commonwealth Court issues a decision on the Petition for Review, and until the case is closed, we are foreclosed from reviewing the habeas petition on the grounds that petitioner has not exhausted state remedies.[2] As a result, we find the petition for Writ of Habeas Corpus premature, and we recommend that the petition be dismissed without prejudice.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 28th day of April, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

FURTHER, after consideration of petitioner's habeas petition and after review of petitioner's outstanding requests and motions, it is ORDERED that the following are DENIED:

1. Petitioner's Request that the Court Deny Respondent's Request for Extension of Time; and

2. Motion for Request for Discovery.

BY THE COURT:

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

---

[2] As of the date of this Report and Recommendation, the state court action initiated by the Petition for Review was listed as "active." (Commonwealth Court of Pennsylvania, Docket No. 305 MD 2008).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE BARBER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPT. OF | : | |
| CORRECTIONS, et al., | : | NO. 09-6215 |
| Respondents. | | |

## ORDER

JAN E. DUBOIS, J.

      AND NOW, this _____ day of _____, 2010, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

    i.    The Report and Recommendation is APPROVED and ADOPTED.

    ii.    The petition for Writ of *Habeas Corpus* is DENIED without prejudice.

    iii.    There is no probable cause to issue a certificate of appealability.

    iv.    The Clerk of the Court shall mark this case closed for statistical purposes.

                                      BY THE COURT:

                                      _____

                                      JAN E. DUBOIS, J.